Jennifer Cieluch
*Counsel of Record*
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018-1405
Telephone:  (212) 841-1261
Facsimile:  (212) 841-1010
jcieluch@cov.com

Attorney for Plaintiff
THE AMERICAN AUTOMOBILE
ASSOCIATION, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **THE AMERICAN AUTOMOBILE ASSOCIATION, INC.,** | |
| **Plaintiff,** | |
| **v.** | Civil Case No.: _____ |
| **AAA GLASS INDUSTRIES, LLC and WILLIAM MACKEY,** | **VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |
| **Defendants.** | |

Plaintiff, The American Automobile Association, Inc., ("AAA"), brings this Verified

Complaint for injunctive, monetary damages, and other relief against Defendants AAA Glass

Industries, LLC and William Mackey (collectively "Defendants").  AAA's principal place of

business is 1000 AAA Drive, Heathrow, Florida 32746.  Defendants' principal place of business

is 2345 Route 9, Unit 3, Toms River, New Jersey 08755.  AAA alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for trademark infringement, false designation of origin, unfair

competition, and cybersquatting in violation of Sections 32, 43(a), and 43(d) of the Federal

Trademark Act (the "Lanham Act"), 15 U.S.C. §§ 1114, 1125(a), and 1125(d); for trademark infringement and unfair trade practices in violation of New Jersey state law, N.J.S.A. §§ 56:3-13.16 and 56:4-1, and common law; and for trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and New Jersey state law, N.J.S.A. § 56:3-13.20.  AAA seeks injunctive relief, monetary damages, restitution, and all other appropriate relief, including an order enjoining Defendants from using AAA's trademarks and requiring transfer of the domain names AAAGLASSIND.COM and AAAGLASSINDUSTRIES.COM to AAA.

2.      This action arises out of Defendants' knowing and willful violation of AAA's rights in its famous and distinctive AAA trademarks and service marks ("AAA Marks"). Specifically, Defendants have used and continue to use the AAA Marks in connection with their operation of an automobile glass repair service, AAA Glass Industries, LLC, without authorization and with full knowledge that they are not authorized to use those marks.

3.      Defendants' unlawful use of the AAA Marks is likely to cause consumers to believe, erroneously, that AAA has endorsed Defendants' services.  This erroneous belief jeopardizes the goodwill and tarnishes the reputation associated with AAA's Marks.  It confuses consumers who seek the reliable and dependable services of AAA.  And it unjustly enriches Defendants.

4.      Defendants' unlawful acts have lessened the capacity of AAA's famous Marks to identify and distinguish the products and services AAA provides under those Marks.  Defendants have diluted the AAA Marks' distinctive quality.

5.      Defendants have profited from their unauthorized use of the AAA Marks and have made unauthorized commercial use of the Marks in New Jersey to their benefit, and to the detriment of AAA and consumers.

## THE PARTIES

6.     Plaintiff AAA is a not-for-profit, non-stock corporation organized and existing under the laws of Connecticut, with its principal place of business in Heathrow, Florida.  AAA provides its more than 55 million members with products and services throughout the United States and Canada, including in New Jersey.  AAA's services include travel and automobile products and services, including emergency road services, automobile glass repair services, automobile repair services at its AAA Car Care Centers and AAA Approved automobile repair businesses, financial advice, insurance and warranty coverage, and discounts.  AAA provides its products and services through local AAA member clubs, including AAA Northeast, AAA South Jersey, and AAA Mid-Atlantic.

7.     Defendant AAA Glass Industries, LLC is a limited liability company organized and existing under the laws of New Jersey, with its principal place of business in Toms River, New Jersey.

8.     Defendant William Mackey is the owner of AAA Glass Industries, LLC.

9.     On information and belief, Defendants are the registrants of the Infringing Domain Names and registered, or caused to be registered, the Infringing Domain Names on behalf of AAA Glass Industries, LLC.  Defendants have used the Infringing Domain Names to host websites promoting and directing traffic to the AAA Glass Industries, LLC business.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over the subject matter of this action under 15 U.S.C. §§ 1116, 1121, and 1125, and under 28 U.S.C. §§ 1331, 1332, and 1338 because this case arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.*

11.     This Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1338 and 1367, as well as under general principles of supplemental and pendent jurisdiction.

12. Defendant AAA Glass Industries, LLC is subject to personal jurisdiction within the District of New Jersey because it is organized under the laws of, and operates in, this District, and Defendant William Mackey is subject to personal jurisdiction within the District of New Jersey because he conducts business and resides in this District.

13. Venue is proper under 28 U.S.C. § 1391(b) and (c) because, on information and belief, a substantial part of the events or omissions giving rise to the claims occurred in the District of New Jersey.

## FACTS ENTITLING AAA TO RELIEF

**A.    AAA's Widespread and Substantial Use of Its AAA Marks**

14. Since its founding over a century ago, AAA has enjoyed a reputation as one of the world's premier client service organizations.  That reputation is based largely on the quality and reliability of the products and services it offers through its AAA local clubs and member service offices.

15. Although its original focus was on combating unfair automobile laws and campaigning for better roads and more reliable vehicles, AAA quickly expanded its charter.  It established itself as an advocate for travel safety and road improvement.  It also became associated with reliable travel- and vehicle-related products and services—including emergency roadside repair services.

16. AAA has invested resources—including for advertising campaigns and promotional efforts—to develop and foster the reputation, recognition, and goodwill associated with its products and services.

17. AAA has used and continues to use the AAA Marks in interstate commerce to identify its products and services.  As a result, the AAA Marks have become famous in the

United States, including in New Jersey, and throughout the world in connection with AAA's products and services.

18.     Only those businesses that are part of AAA's network of approved service providers are authorized to use or display the AAA Marks.  Consequently, AAA members and the public know that local businesses displaying AAA Marks maintain a reputation for quality, integrity, and reliability.

19.     Because AAA provides quality products and the continuously advertises, promotes, and sells its products and services under the AAA Marks, those trademarks have acquired value and fame in the United States and throughout the world.  They are widely recognized by consumers in this country and abroad and have acquired enormous goodwill as trademarks identifying high-quality and reliable products and services.  Indeed, the AAA Marks are distinctive such that consumers recognize that goods and services marketed under the AAA Marks originate with, or are approved or endorsed by, AAA and the AAA local clubs.

20.     AAA and its local clubs have registered AAA-related domain names and maintain internet websites through which AAA members and the general public may obtain information and, in some cases, purchase or use products and services (the "AAA Websites").  The AAA Websites are created and operated to attract members and customers, encourage their interest in AAA and its local clubs, and offer products and services to customers.

21.     AAA has registered with the United States Patent and Trademark Office ("USPTO") more than 150 trademarks, including Marks that AAA has used since at least 1902, in connection with the products and services offered to its members.  The federal registrations Defendants are violating include:

     a)     Reg. No. 829,265, for the AAA Mark, used in connection with emergency

roadside services;

     b)     Reg. No. 3,046,904, for the AAA Mark, used in connection with automobile glass repair services;

     c)     Reg. No. 3,046,905, for the AAA & Design Mark, used in connection with automobile glass repair services;

     d)     Reg. No. 3,014,132, for the AAA GLASS Mark, used in connection with automobile glass repair services;

     e)     Reg. No. 4,659,659, for the AAA AUTO GLASS Mark, used in connection with automobile glass repair services;

     f)     Reg. No. 2,158,654, for the AAA & Design Mark, used in connection with automobile-related goods and services, including emergency roadside services and arranging for discount purchases;

     g)     Reg. No. 1,449,079, for the AAA APPROVED AUTO REPAIR & Design Mark, used in connection with automobile repair services;

     h)     Reg. No. 3,426,468, for the AAA APPROVED AUTO REPAIR & Design Mark, used in connection with automobile repair services;

     i)     Reg. No. 3,604,164, for the AAA TOTAL REPAIR CARE Mark, used in connection with arranging for motor vehicle diagnosis and repair services;

     j)     Reg. No. 2,900,596, for the AAA PREMIER Mark, used in connection with automobile-related services, including emergency roadside services;

     k)     Reg. No. 2,935,481, for the AAA PREMIER & Design Mark, used in connection with automobile-related services, including emergency roadside services; and

     l)     Reg. No. 5,036,379, for the AAA & Design Mark, used in connection with

automobile-related goods and services, including emergency roadside repair services. Copies of the registration certificates for the above marks are available on the United States Patent and Trademark office website:  http://www.uspto.gov.

22.     Per 15 U.S.C. § 1057(b), the registration certificates for the AAA Marks, including those marks identified above, constitute prima facie evidence of the validity of those registrations, of AAA's ownership of the trademarks set forth therein, and of AAA's exclusive right to use those trademarks in commerce and in connection with the products and services specified in the registration certificates.

23.     Per 15 U.S.C. § 1065, Reg. Nos. 829,265, 3,046,904, 3,046,905, 3,014,132, 2,158,654, 1,449,079, 3,426,468, 3,604,164, 2,900,596, and 2,935,481 are incontestable.

**B.     Defendants' Unlawful Use of Plaintiff's AAA Marks**

24.     AAA has never authorized Defendants to use its AAA Marks.

25.     But on information and belief, Defendants knowingly and willfully violated AAA's rights in its famous and distinctive AAA Marks by using in commerce the business name AAA Glass Industries, LLC after Plaintiff's AAA Marks had become famous in New Jersey, the United States, and abroad.

26.     Defendants promote the AAA Glass Industries, LLC business on a website located at COMMERCIAL-GLASS-NJ.COM.

27.     Defendants promote the AAA Glass Industries, LLC business by using the domain names AAAGLASSIND.COM and AAAGLASSINDUSTRIES.COM (the "Infringing Domain Names") to redirect traffic to the website located at COMMERCIAL-GLASS-NJ.COM.

28.     Defendants registered the business name AAA Glass Industries, LLC with the state of New Jersey on July 16, 2012.

29.     Defendants registered, or caused to be registered, the COMMERCIAL-GLASS-NJ.COM domain name on or around April 27, 2009, the AAAGLASSINDUSTRIES.COM domain name on or around September 26, 2012, and the AAAGLASSIND.COM domain name on or around August 16, 2013.

30.     In or around April 2018, AAA learned that Defendants were designating and advertising automobile glass repair services that compete directly with services offered by AAA using the AAA Glass Industries, LLC business name and mark and the Infringing Domain Names.

31.     In or around April 2018, AAA notified Defendants of AAA's rights in the AAA Marks.

32.     On May 1, 2018, Defendants responded to AAA by email and letter, stating that they would not cease use of the AAA Glass Industries, LLC business name and mark.

33.     On May 16, 2018, AAA sent a letter by certified mail to Defendants at their principal place of business and at an address listed in the WHOIS record for the Infringing Domain Names, requesting that Defendants discontinue all use of the AAA Glass Industries, LLC business name and marks, the Infringing Domain Names, and any other confusingly similar marks.

34.     On May 17, 2018, AAA successfully delivered an email containing an electronic copy of the May 16, 2018 letter to the email addresses listed in the WHOIS record for the Infringing Domain Names, as well as to the email address listed on the business's Facebook page.

35.     Also on May 17, 2018, Defendant William Mackey responded to AAA's email, stating that AAA Glass Industries, LLC would not comply with AAA's requests.

36.     Later that same day, AAA replied to Defendant Mackey, reiterating its request that Defendants discontinue all use of the AAA Glass Industries, LLC business name and marks, the Infringing Domain Names, and any other confusingly similar marks.

37.     Again that same day, Defendant Mackey responded to AAA by email, stating that AAA Glass Industries, LLC would not comply with AAA's requests and warning that "YOU ARE BARKING UP THE WRONG TREE WILL FIGHT IT I AM USED TO BULLSHIT LIKE THIS."

38.     On May 18, 2018, the United States Postal Service declared AAA's May 16 letter undeliverable, stating that "Your item was refused by the addressee at 12:31 pm on May 18, 2018 in TOMS RIVER, NJ 08755 and is being returned to the sender."

39.     On May 23, 2018, a representative of Defendant AAA Glass Industries, LLC, Joan Schick, emailed AAA, reiterating the business's indifference to AAA's trademark rights and again indicating that the business would not comply with AAA's requests.

40.     That same day, AAA responded to Ms. Schick by email, once again requesting that Defendants discontinue use of the AAA Glass Industries, LLC business name and marks, the Infringing Domain Names, and any other confusingly similar marks, and informing Ms. Schick of AAA's intent to file suit in federal district court.

41.     Later that night, Defendant Mackey responded to AAA with two emails, stating that Defendants are not associated with AAA.

42.     On May 24, 2018, AAA sent an email to Defendants containing copies of two representative registrations for the AAA Marks and requesting confirmation that, in light of AAA's prior rights, Defendants would cease their use of the AAA Marks.

43.     Later that evening, Defendant Mackey responded to AAA by email, suggesting that Defendants do not offer automobile glass repair services and stating, "I DON'T LIKE WHEN PEOPLE PUSH ME LEGAL EAGLE OR INDIAN CHIEF."

44.     On May 25, 2018, AAA sent an email to Defendants providing screenshots demonstrating that Defendants not only offer automobile glass repair services, but in fact emphasize such services in online advertising.  AAA also informed Defendants that, because of Defendants' ongoing, willful infringement, AAA would proceed to file this Complaint.

45.     Later that same day, Defendant Mackey responded to AAA with two emails, stating, "YOU ARE REALLY PISSING ME OFF MOTHER FUCKER QUOTE ME ON THIS," and "if you want the fucking name buy it from us."

46.     Defendants continue to use the AAA Glass Industries, LLC business name and marks and the Infringing Domain Names, including in connection with internet advertising for their business.

47.     On information and belief, when Defendants' infringing use of the AAA Marks began and at all times thereafter, Defendants have known, or had reason to know, of AAA's rights in the AAA Marks, and have at all times known, or had reason to know, that the AAA Marks are famous and valuable.

48.     On information and belief, Defendants knowingly and for profit engaged in the infringing use of the AAA Marks to attract consumers.  Defendants knew that consumers would wrongly believe, incorrectly, that Defendants' use of the AAA Marks signifies that Defendants' business is sponsored or endorsed by, or otherwise associated or affiliated with, AAA.

49.     Defendants' infringing use has damaged, and will continue to damage, the reputation, recognition, and goodwill associated with the famous and distinctive AAA Marks.

50.     Defendants' infringing use has lessened, and will continue to lessen, the capacity of Plaintiff's AAA Marks to identify and distinguish the products and services provided or endorsed by, or affiliated with, AAA and.  Defendants' use of the AAA Marks will dilute the distinctive quality of Plaintiff's AAA Marks.

51.     Further, on information and belief, Defendants' infringing use has been and continues to be of commercial value to Defendants.

52.     For the reasons explained above, Defendants' infringing use has caused, and will likely continue to cause, injury to AAA and to the goodwill and value of its AAA Marks.

## COUNT I

### Federal Trademark Infringement
### (Lanham Act § 32, 15 U.S.C. § 1114)

53.     AAA incorporates all the preceding paragraphs.

54.     Defendants' infringing use violates Section 32 of the Lanham Act, 15 U.S.C. § 1114, because it constitutes willful and deliberate use in commerce of reproductions, copies, and/or colorable imitations of AAA's federally registered AAA Marks in connection with the sale, offering for sale, distribution, and advertising of Defendants' products and services in a manner likely to cause confusion, mistake, and deception.

55.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

56.     These violations have irreparably damaged AAA, and it has no adequate remedy at law.  Unless enjoined, Defendants will continue the infringing use, further injuring AAA and confusing the public.

57.     On information and belief, Defendants have received revenues and profits as a result of their infringing use, to which Defendants are not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendants are responsible.

## COUNT II

### Federal False Designation of Origin and Unfair Competition
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

58.     AAA incorporates all the preceding paragraphs.

59.     Defendants' infringing use violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Defendants have willfully and deliberately used in commerce words, terms, names, and/or false designations of origin that have caused confusion and mistake as to the origin, sponsorship, or approval by AAA of services promoted by the Defendants.  This conduct constitutes unfair competition and infringement of Plaintiff's AAA Marks.

60.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

61.     Defendants' violation of this statute has caused and will continue to cause irreparable harm to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the infringing use, further injuring AAA and confusing the public.

62.     On information and belief, Defendants have received revenues and profits as a result of their infringing use, to which Defendants are not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendants are responsible.

## COUNT III

### Cybersquatting
### (Lanham Act § 43(d), 15 U.S.C. § 1125(d))

63.     AAA incorporates all the preceding paragraphs.

64.     Defendants' infringing use violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), because (i) Plaintiff is the owner of the AAA Marks, which are registered in the United States Patent and Trademark Office and protected under Section 43(a), (c), and (d) of the Lanham Act, 15 U.S.C. § 1125(a), (c), and (d); (ii) Defendants have registered, trafficked in, and/or used the Infringing Domain Names with a bad faith intent to profit from AAA's famous and distinctive AAA Marks; (iii) the Infringing Domain Names are confusingly similar to Plaintiff's AAA Marks and are dilutive of Plaintiff's AAA Marks; and (iv) Plaintiff's AAA Marks were distinctive and famous at the time of registration of the Infringing Domain Names.

65.     Defendants' unlawful conduct as set forth herein has been willful, deliberate, and in bad faith.

66.     Defendants' violation of this statute has caused and will continue to cause irreparable damage to AAA, for which AAA has not adequate remedy at law.  Unless enjoined, Defendants will continue to use the Infringing Domain Names, further injuring AAA and confusing the public.

67.     On information and belief, Defendants have received revenues and profits as a result of their infringing use, to which Defendants are not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendants are responsible.

## COUNT IV

### Federal Trademark Dilution
### (Lanham Act § 43(c), 15 U.S.C. § 1125(c))

68.     AAA incorporates all the preceding paragraphs.

69.     Defendants' infringing use violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), because such use, which commenced after Plaintiff's AAA Marks became famous, has diluted and continues to dilute the AAA Marks by impairing the ability of the AAA Marks to

13

serve as unique identifiers and by tarnishing the good reputation associated with the AAA Marks.

70.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

71.     Defendants' violation of this statute has caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the infringing use, further injuring AAA and confusing the public.

**COUNT V**

**New Jersey Trademark Infringement**
**(New Jersey Statutes Annotated § 56:3-13.16)**

72.     AAA incorporates all the preceding paragraphs.

73.     Defendants' acts violate Section 56:3-13.16 of the New Jersey Statutes Annotated, N.J.S.A. § 56:3-13.16.  The infringing use constitutes unconsented reproductions, copies, and/or colorable imitations of Plaintiff's AAA Marks in connection with the sale, offering for sale, or advertising of services in a manner likely to cause confusion or mistake as to the source or origin of the services.

74.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

75.     Defendants' violation of this statute has caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the violation, further injuring AAA and confusing the public.

76.     On information and belief, Defendants have received revenues and profits as a result of their infringing use, to which Defendants are not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendants are responsible.

## COUNT VI

### New Jersey Trademark Dilution
### (New Jersey Statutes Annotated § 56:3-13.20)

77.     AAA incorporates all the preceding paragraphs.

78.     Defendants' infringing use violates Section 56:3-13.20 of the New Jersey Statutes Annotated, N.J.S.A § 56:3-13.20.  Defendants' infringing use of the famous AAA Marks creates a likelihood of injury to AAA's business reputation and/or dilution of the distinctive value and goodwill associated with AAA's Marks, causing damages to AAA.

79.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

80.     Defendants' violation of N.J.S.A. § 56:3-13.20 has caused irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the violation, further injuring AAA and confusing the public.

## COUNT VII

### New Jersey Unfair Trade Practices
### (New Jersey Statutes Annotated § 56:4-1)

81.     AAA incorporates all the preceding paragraphs.

82.     Defendants' infringing use violates Section 56:4-1 of the New Jersey Statutes Annotated, N.J.S.A § 56:4-1.  Defendants' infringing use constitutes an act of unfair competition through Defendants appropriating for their own use Plaintiff's AAA Marks and the goodwill and reputation associated with those Marks.

83.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

84.     As a proximate result of Defendants' actions, AAA has suffered and will continue to suffer damage to its business, reputation, and goodwill, in that consumers believe Defendants' services are associated with or endorsed by AAA.

85.     AAA and the general public have been, and continue to be, irreparably damaged by Defendants' violation of the New Jersey state law on unfair competition, and AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the violation, further injuring AAA and confusing the public.

## COUNT VIII

### Common Law Unfair Competition

86.     AAA incorporates all the preceding paragraphs.

87.     Defendants' deliberate and intentional actions constitute unfair competition in the form of trademark infringement of AAA's common law rights to exclusive use of the AAA Marks, in that the AAA Marks are inherently distinctive, and thus protectable as trademarks under common law.

88.     Defendants' actions as alleged above have created the likelihood of confusion and actual confusion by misleading the public as to the source, sponsorship, association, or affiliation of Defendants' business, and constitute misappropriation of AAA's goodwill, in violation of New Jersey common law on unfair competition.

89.     As a proximate result of Defendants' actions, AAA has suffered and will continue to suffer damage to its business, reputation, and goodwill, in that consumers believe Defendants' services are associated with or endorsed by AAA.

90.     AAA and the general public have been, and continue to be, irreparably damaged by Defendants' violation of New Jersey common law on unfair competition, and AAA has no

adequate remedy at law.  Unless enjoined, Defendants will continue the infringing use, further injuring AAA and confusing the public.

## PRAYER FOR RELIEF

Wherefore, Plaintiff AAA requests that this Court enter judgment in its favor on all counts of this Verified Complaint and grant AAA the following relief:

1.      Enjoin and restrain Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from engaging in any of the following acts:

(a)      Using without the authorization of AAA any of the AAA Marks, logos, and trade names, including, but not limited to, the designation "AAA" or any other name, logo, or mark that includes the designation "AAA" or that is confusingly or deceptively similar to any of the AAA Marks, logos, and trade names, either alone or in conjunction with other words or symbols, as a part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain name, on or in relation to any goods sold or distributed by the Defendants, or in any other manner; and

(b)      Using any combination of multiple letter "A"s in any form or manner that would tend to identify or associate Defendants, their business, or their services with AAA, including, without limitation, in the marketing, promotion, advertising, identification, sale or distribution of goods or services, or in any other manner;

2.      Require Defendants, pursuant to 15 U.S.C. § 1118 and New Jersey law, to destroy all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, internet content, stationery, software, and any other items in their possession or control which contain the infringing designations "AAA," or any term confusingly similar to "AAA," either alone or in

combination with other words or symbols and to destroy all plates, molds, matrices, masters, and other means of making any of those infringing items;

3.      Require Defendants to abandon, cancel, delete, and/or withdraw, with prejudice, any U.S. or state trademark applications or registrations that contain the AAA Marks, or any other confusingly similar name, logo, or mark;

4.      Require Defendants to cancel or amend any business name, trade name, license, or corporate registration or application that contains the AAA Marks, or any other confusingly similar name, logo, or mark, including, but not limited to, registrations for AAA Glass Industries, LLC;

5.      Require Defendants to transfer to AAA any and all domain names in their or their agents' possession, custody, or control that include the AAA Marks, including but not limited to the Infringing Domain Names;

6.      Require Defendants to file with the Court and to serve on AAA, within thirty (30) days after entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

7.      Require Defendants to pay AAA for all damages sustained as a result of Defendants' unlawful conduct described above, plus interest thereon, and require, with respect to damages resulting from infringement or dilution of the AAA Marks or from unfair competition under the Lanham Act, that such damages be trebled pursuant to 15 U.S.C. § 1117 and New Jersey law;

8.      Require Defendants to account for and pay to AAA all profits derived by Defendants resulting from their use of the AAA Marks pursuant to 15 U.S.C.§ 1117 and New Jersey law.

9.      Award AAA statutory damages in the amount of $100,000 per infringing domain name pursuant to 15 U.S.C. § 1117(d), or some other amount as the Court considers just;

10.     Award AAA the costs of this suit and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and New Jersey law;

11.     Award prejudgment interest on all liquidated sums; and

12.     Award such other and further relief as the Court deems just and proper.

Dated: June 1, 2018                         Respectfully submitted,

                                            */s/ Jennifer D. Cieluch*
                                            Jennifer D. Cieluch
                                            COVINGTON & BURLING LLP
                                            The New York Times Building
                                            620 8th Avenue
                                            New York, NY 10018-1405
                                            Telephone: (212) 841-1261
                                            Facsimile:  (212) 841-1010
                                            jcieluch@cov.com

                                            Neil K. Roman
                                            *Pro hac vice* forthcoming
                                            COVINGTON & BURLING LLP
                                            The New York Times Building
                                             620 Eighth Avenue
                                            New York, NY 10018-1405
                                            Telephone:  (212) 841-1221
                                            Facsimile:  (212) 841-1010
                                            nroman@cov.com

                                            Robert N. Hunziker, Jr.
                                            *Pro hac vice* forthcoming
                                            COVINGTON & BURLING LLP
                                            One CityCenter
                                            850 Tenth Street, NW
                                            Washington, DC 20001-4956
                                            Telephone:  (202) 662-5720
                                            Facsimile:  (202) 778-5720
                                            rhunzike@cov.com

                                            *Counsel for Plaintiff The American Automobile Association, Inc.*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other

action pending in any court or of any pending arbitration or administrative proceeding.


Dated:  June 1, 2018                           */s/ Jennifer D. Cieluch*
                                                Jennifer D. Cieluch
                                                COVINGTON & BURLING LLP

## **VERIFICATION**

Under penalty of perjury, I, James G. Brehm, declare that I have read the foregoing

Verified Complaint, and that the factual statements alleged therein are true and correct to the best

of my knowledge and belief.

Executed on: **May 25, 2018**                 By:

James G. Brehm
General Counsel
The American Automobile Association, Inc.
1000 AAA Drive
Heathrow, Florida 32746